**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

DEC 16 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUOTAO XIN, | No. 20-71974 |
| Petitioner, | Agency No. A206-546-825 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2021[**]
Pasadena, California

Before: M. SMITH, LEE, and FORREST, Circuit Judges.

Petitioner Guotao Xin, a native and citizen of China, seeks review of a

decision of the Board of Immigration Appeals (BIA) affirming the denial of his

requests for asylum, withholding of removal, and relief under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Xin says that he is likely to face religious persecution and torture if he is removed to China, which he claims that he escaped while "under surveillance." In support of his requests for relief, Xin testified that he attended two Christian home-church meetings in China, the second of which was broken up by police. Xin testified he was detained for four days during which time he was interrogated three times and beaten once. After Xin's wife paid a fee to the police, Xin was released from detention but was required to report to the police on a weekly basis. The IJ found Xin not credible and denied all forms of relief. The BIA affirmed.

We review agency denials of asylum, withholding of removal, and relief under CAT for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We also review adverse credibility determinations for substantial evidence, looking to the "totality of the circumstances[ ] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(b)(iii)) (alteration in original).

1. Substantial evidence supports the IJ's adverse credibility determination under the totality of the circumstances. *See id*. Applying this standard, the IJ concluded that Xin was not credible "in light of a significant discrepancy in his accounts, unexplained by [Xin] after being afforded an opportunity to explain,

2

concerning the extent of his reporting requirement after his purported release from detention." During his testimony, Xin indicated no less than three times that he reported to the police three to four times after he was released from detention. But Xin also testified, consistent with his declaration, that he remained in China for approximately twelve weeks after his release, and that once he was released, he was required to report to the police on a weekly basis. Xin should thus have been required to report to the police approximately twelve times.

The first time he was asked to explain this inconsistency, Xin simply did not respond, prompting the IJ to state for the record, "[t]here has been a long pause, but no answer." After some back and forth, Xin next responded by stating he "misunderstood" the question. Finally, Xin changed his response and stated he reported "13 or 14 times."

As the IJ noted, the difference between reporting 4 or 13 times over the course of about 12 weeks is significant: a respondent "would be expected to be able to consistently recount whether he reported to police in the aftermath of his release from detention on as few as three or four weekly occasions or on as many as 13 weekly occasions." Additionally, the fact that Xin was required to report to the police is central to his claim of persecution. When looking at the totality of the circumstances, this inconsistency is significant.

2.      The IJ also concluded Xin's demeanor was "reflective of an absence of truthfulness."  The "need for deference" to an IJ's adverse credibility determination is "particularly strong in the context of demeanor assessments."  *Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014).  As noted previously, Xin paused for a long time and did not respond the first time he was asked to explain his inconsistent testimony.  In a further attempt to "evaluat[e] whether [Xin] misunderstood [the] question," the IJ asked Xin what he thought he was being asked when he repeatedly answered that he reported four times.  In response to this question, Xin "inhaled deeply and then sighed deeply and still [did] not answer[]."  The IJ's demeanor assessment also notes "a long pause," "stal[ling]," and "looking at the clock."  These firsthand demeanor observations provide substantial evidence for the IJ's conclusion that Xin was struggling to invent an explanation for his inconsistent testimony rather than testifying truthfully.  *Cf. Huang*, 744 F.3d at 1154-55 (holding record of frequent pauses and hesitant testimony sufficiently supported demeanor-based adverse credibility finding).

3.      Because Xin's appeal challenges only the agency's adverse credibility finding and we find substantial evidence supports that finding, we conclude the agency did not err in denying asylum, withholding of removal, or relief under CAT. *See, e.g.*, *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1125 (9th Cir. 2010) (upholding

4

denial of asylum, withholding of removal, and CAT claims because they were all based on the same testimony that the IJ found to lack credibility).

**PETITION FOR REVIEW DENIED.**